*1074 OPINION.
Disney:
The only question for our determination here is as to whether the petitioner may amend a capital stock tax return under section 215 (d) and 215 (f) of the National Industrial Eecovery Act, 48 Stat. 195, 208. Petitioner’s contentions are (a) that first “returns” as used in the statute is intended to mean “the return for the first year”; (b) that a declaration made in ignorance of, or under a mistake as to the real nature and extent of, taxpayer’s rights, does not constitute binding election precluding the filing of an *1075 amended return; and (c) that the statute, if construed to prevent such second filing, is unconstitutional as violative of the Fifth Amendment.
So far as the first proposition is concerned, as to the intent and effect of the statute, we have held, in William A. Webster Co., 37 B. T. A. 800, and in Haggar Go., 38 B. T. A. 141, that the return may not be amended. We find no essential difference as to the facts of filing between those cases and the instant matter, and though petitioner cites Glenn v. Oertel Co., 97 Fed. (2d) 495 (C. C. A., 6th Cir.), holding to the contrary, we, with due respect for' that court, as stated in Haggar Go., supra, adhere to our earlier decisions and hold that the statute does not permit filing of an amended return. Scaife & Sons Co. v. Driscoll, 94 Fed. (2d) 664; certiorari denied, 305 U. S. 603.
Petitioner urges, however, as its second proposition, that ignorance or a mistake as to petitioner’s rights, that is, a mistaken belief by the certified public accountant filing the return for petitioner that net worth was the proper declaration of value, is such mistake or ignorance as to prevent the first filing being an election, under familiar principles as to effect of ignorance or mistake upon election of remedies. Petitioner, however, is in error, we think, in thinking that there is herein involved a question of election. The question was not one of election between two courses, but merely of declaration of a value for coiporate stock as required by the statute. Petitioner, due to misunderstanding of the meaning of statute and regulations, declared a value which it now contends was erroneous. We discern no application here of principles controlling election. The situation in Haggar Co., supra, was not dissimilar to that herein. Therein par value of stock was declared as the value; here the declaration was total of par value of stock and surplus, or net worth. Beliance upon the regulations as cause of confusion or mistake is hardly convincing, for the regulation, it seems to us, not only does not justify the conclusion reached by petitioner’s tax consultant, but the same numbered paragraph affirmatively reminds the taxpayer that the original declared value is not subject to any amendment either by the Commissioner or the corporation. The regulation referred to by petitioner states that the corporation “should look to the net worth of the corporate assets [which petitioner did], including its surplus and undivided profits as shown by the books, also to the franchise, good will, outstanding contracts, the earning capacity of the corporation, and the market value of its shares of stock.” Tet petitioner disregarded all of these elements except net worth. The error is not such in any event, in our opinion, as to be basis for appeal to equitable principles of election, if same were applicable here.
*1076 Finally, petitioner urges unconstitutionality of the statute, if construed to prevent filing of second declaration of value. Glenn v. Oertel Co., supra, is quoted, but the language therefrom does no more than suggest that serious constitutional questions arise, in connection with the present question. The case does not hold the statute unconstitutional. We are unable to say that deprivation of the privilege of filing amended returns is deprivation of due process under the Fifth Amendment. On the contrary, due process principles seem to be satisfied by the process specified and permitted by the statute— filing the original declared value. Deprivation of property must amount to arbitrary or capricious confiscation thereof. The obvious reasons forming the basis for the statute here considered negative, it seems to us, any idea of arbitrariness or confiscation. Chicago Telephone Supply Co. v. United States, 23 Fed. Supp. 471; certiorari denied, 305 U. S. 628, upheld the constitutionality of a similar statute, sections-701 and 702 of the Eevenue Act of 1934. No such clear demonstration of unconstitutionality appears here as to call for our conclusion to that effect. Rita O’Shaughnessy, Executrix, 21 B. T. A. 1046.
We therefore conclude that the petitioner had no right to file a second or amended declaration of value of corporate stock, and that the respondent properly took into consideration the original declaration of value in determining deficiencies. It having been stipulated that in such case the deficiencies determined by respondent in the sum of $3,976.32 excess profits tax and $163.07 income tax are all due and assessable,

Decision will he entered for the respondent.