STROMBERG–CARLSON MFG. CO. v. McGOWAN, Collector of Internal Revenue, and eight other cases.

Nos. 234–238, 245, 253, 266, 2278–A.

District Court, W. D. New York.

March 5, 1940.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., for plaintiffs.

George L. Grobe, U. S. Atty., of Buffalo, N.Y. (Joseph J. Doran, of Rochester, N. Y., of counsel), for defendant.

BURKE, District Judge.

In cases numbered 234, 235, 236, 237, 238, 245, 253 and 266, the plaintiffs sue to recover capital stock taxes paid for the year 1933. In each of those cases the defendant moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. In case No. 2278–A the plaintiff sues to recover capital stock taxes paid for the years 1934 and 1935. An answer has been filed and the defendant moves for summary judgment on the ground that there is no genuine issue of fact for trial. In the first group of cases the claim is that Section 215 of the National Industry Recovery Act of 1933, 48 Stat. 195, 207, is unconstitutional in that it required the taxpayer to declare an arbitrary and capricious value for its capital stock which value could not thereafter be changed, regardless of circumstances, and to pay a tax based upon such declared value not only for the year for which such value was declared, but also for subsequent years, thus depriving the taxpayer of its property without due process of law and denying the uniform protection of law. In case No. 2278–A the claim is that section 701 of the Revenue Act of 1934, 48 Stat. 680, 769, 26 U.S.C.A. Int.Rev.Acts, is unconstitutional for the reason that it violates the 5th Amendment to the Constitution of the United States in that it deprives the plaintiff of its property without due process of law and that private property is taken for public use without just compensation.

Section 215 of the National Recovery Act imposed an annual capital stock tax based on the taxpayers declaration of value of its capital stock. Section 216 of the same act imposed an annual excess profits tax calculated on the basis of the declared value of the capital stock as fixed by the corporations' return for the first year in which the capital stock tax was imposed. By the provisions of Section 215 the declared value of the capital stock is not required to conform either to the actual or the nominal capital of the corporation. Further, the declared value of the capital stock for the first taxable year with specified allowed changes for subsequent capital gains or losses is made the basis for the capital stock tax

in subsequent years. This declared value with such allowed changes is also made the basis for computing excess profits taxes in subsequent years by Section 216.

The capital stock tax and the excess profits tax were re-imposed by the Revenue Act of 1934, chapter 277, 48 Stat. 680, 769, 770, Sections 701, 702, 26 U.S.C.A. Int.Rev.Acts. The basis for the computation of both taxes in 1934 was the declaration of value of the capital stock by the taxpayer to be made within one month after the close of the fiscal year ending June 30, 1934. Such declared value with certain allowed adjustments for changes in capital structure is made the basis for computation of both taxes in subsequent years. Both the 1933 and 1934 acts provide that the declared value in the corporation's first return may not be amended.

■ The contention of the plaintiffs is that the method of basing the tax on declared value of the capital stock is arbitrary and capricious, affords no reasonable measure of the tax and bears no relation to the value of the privilege of doing business as a corporation. This argument rests upon the premise that there is no restraint upon the taxpayer in declaring its own value of its capital stock. Theoretically that is so but not practically so. We ignore realities if we hold it to be so. Declared value is the basis of computation of both the capital stock tax and the excess profits tax. Declaration of value is made by the taxpayer with potential liability for excess profits taxes plainly in view and dependent on the taxpayers declared value of its capital stock. Self-interest of the taxpayer supplied by the scheme of interrelation of the two taxes is statutory assurance that declared value will be founded on reason and fair value. The two sections imposing the capital stock tax and the excess profits tax are component parts of a single scheme of taxation. They may not be tested as if they were distinct and unrelated. Allied Agents v. United States, Ct.Cl., 26 F.Supp. 98.

■ In declaration years, that is those years when the capital stock tax is computed on declared value without adjustment, the tax is based on the taxpayer's own statement of value made with every opportunity available to the taxpayer to fairly ascertain and declare the value of its capital stock. It is not an unreasonable or arbitrary provision that once having de-

clared its value, the declaration should stand without the right to amend it.

 We are concerned here also with the tax paid in 1935, an adjustment year, where the tax was computed on the basis of value declared in 1934. Section 701 of the 1934 act allowed reasonable additions to or deductions from original declared value to arrive at adjusted declared value on which the 1935 tax was computed. It is true that the adjustments for changes in capital structure permitted by the statute are not all-comprehensive and do not cover every conceivable situation which may arise to affect the value of the capital stock. They are, however, reasonably inclusive so that the tax imposed in an adjustment year may not be said to be based on a valuation of capital stock that is arbitrary and unreasonable.

There is no delegation of taxing powers to the taxpayer. Congress has fixed the measure of the tax by basing its computation on declared value and adjusted declared value and by providing practical assurance that declared value will be based upon reason and fair value by the scheme of inter-relation of the capital stock tax and excess profits tax. The taxpayer merely furnishes the factual basis for both taxes by making its own declaration of value of its capital stock.

The motions should be granted.