**STANOLIND OIL & GAS CO. v. JONES, Collector of Internal Revenue.**

**STANOLIND PIPE LINE CO. v. SAME.**
**STANOLIND CRUDE OIL PURCHASING CO. v. SAME.**

Nos. 251–253.

District Court, W. D. Oklahoma.

June 27, 1940.

Samuel G. Clawson, of Chicago, Ill., and Guy H. Woodward, of Tulsa, Okl., for plaintiffs.

Paul S. McMahon, Sp. Asst. to the Atty. Gen., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, Sp. Asst. to the Atty. Gen., and Tom Hieronymus, Asst. U. S. Atty., of Oklahoma City, Okl., on the brief), for defendant.

VAUGHT, District Judge.

The plaintiffs sue for the return of capital stock taxes paid in 1933, under the provisions of Section 215 of the National Industrial Recovery Act, approved June 16, 1933, 48 Stat. 207, to the defendant Collector of Internal Revenue, on the ground that the statutes purporting to levy the capital stock tax and the excess profits tax are unconstitutional.

The sections of the law questioned provide in part as follows:

"Sec. 215. (a) For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

\*　　\*　　\*　　\*　　\*

"(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section \* \* \*."

"Sec. 216. (a) There is hereby imposed upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 215, an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock \* \* \*."

The complaints in the foregoing causes merely allege that the respective parties paid to the collector capital stock tax on a valuation declared by the corporations in their first returns under the act. There is no allegation in any of the complaints that the valuations declared by the corporations are unfair, or incorrect valuations, or that any injustice was done to the plaintiffs by said valuations, but the plaintiffs contend that they have been deprived of their property without due process under the Fifth and Fourteenth Amendments to the Constitution, and that the act complained of is unconstitutional, and that the plaintiffs are entitled to a return of the moneys paid to the defendant.

The constitutionality of this act, it is true, has not been passed upon by the Supreme Court of the United States, but in Haggar Company v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 338, 84 L.Ed. 340, the Supreme Court did review this act and the very sections involved in these suits, in determining whether or not a declared value could be amended within the time in which the corporation was required to

submit its first return, and the court held that a return could be amended to state correctly the facts within the time in which the taxpayer was required to make the first return. While the constitutionality of the act was not discussed, the court did say:

"It will be observed that by § 215 (a) and (f) the declared value of capital stock which is made the basis of computation of both taxes is not required to conform either to the actual or to the nominal capital of the taxpaying corporation; and that the declared value for the first taxable year, with the addition or subtraction of specified items of subsequent capital gains or losses is made the basis of the computation of both taxes in later years. The taxpayer is thus left free to declare any value of capital stock for its first taxable year which it may elect, but since the declared value for the first year is a controlling factor for the computation of taxes for later years, the statute provides that the declaration once made cannot be amended.

\*　　\*　　\*　　\*　　\*

"All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose. [Territory of] Hawaii v. Mankichi, 190 U.S. 197, 23 S.Ct. 787, 47 L.Ed. 1016; United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; Sorrella v. United States, 287 U.S. 435, 446, 53 S.Ct. 210, 214, 77 L.Ed. 413, 86 A.L.R. 249; Burnet v. Guggenheim, 288 U.S. 280, 285, 53 S.Ct. 369, 370, 77 L.Ed. 748; Armstrong Co. v. Nu-Enamel Corp., 305 U.S. 315, 332, 333, 59 S.Ct. 191, 199, 200, 83 L.Ed. 195. Here the purpose of the statute is unmistakable. It is to allow the taxpayer to fix for itself the amount of the taxable base for purposes of computation of the capital stock tax, but with the proviso that the amount thus fixed for the first taxable year shall be accepted, with only such changes as the statute prescribes for the purpose of computing the capital stock and excess profits taxes in later years. Congress thus avoided the necessity of prescribing a formula for arriving at the actual value of capital for the purpose of computing excess profits taxes, which had been found productive of much litigation under earlier taxing acts, see Sen.Rep. 52, 69th Cong., 1st Sess., pp. 11-12; Cf. Ray Consolidated Copper Co. v. United States, 268 U.S. 373, 376, 45 S.Ct. 526, 527, 69 L.Ed. 1003. At the same time it guarded against loss of revenue to the Government through understatements of capital, by providing for an increase in excess profits tax under § 216 ensuing from such understatements.

"It is plain that none of these purposes would have been thwarted and no interest of the Government would have been harmed had the Commissioner, in conformity to established departmental practice, accepted the petitioner's amended declaration. It is equally plain that by its rejection petitioner has been denied an opportunity to make a declaration of capital stock value which it was the obvious purpose of the statute to give, and that denial is for no other reason than that the declaration appeared in an amended instead of an unamended return. We think that the words of the statute, fairly read in the light of the purpose, disclosed by its own terms, require no such harsh and incongruous result."

In Rosoff Tunnel Corporation v. Higgins, 28 F.Supp. 880 in the United States District Court for the Southern District of New York, and Allied Agents, Inc. v. United States, 26 F.Supp. 98 in the Court of Claims the constitutionality of this act was upheld. In the latter case certiorari was denied October 9, 1939, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471.

Since the submission of this case in this court, the following United States District Courts have held this act constitutional: Utah Oil Refining Co. et al. v. Hinckley, District of Utah, decided February 20, 1940;[1] Oil Well Supply Co. v. Thomas, Northern District of Texas, decided February 20, 1940;[1] Stromberg-Carlson Mfg. Co. et al. v. McGowan, Western District of New York, 32 F.Supp. 101; Mountain Iron Co. et al. v. United States, District of Minnesota, 31 F.Supp. 895, decided March 9, 1940; Southeastern Compress & Warehouse Co. v. Page, Northern District of Ga., 1 F.R.D. 363, decided March 20, 1940; Hornell Ice & Cold Storage Co. v. United States, Western District of New York, 32 F.Supp. 468; Lake Terminal Railroad Co. v. United States, Northern District of Ohio, 34 F. Supp. 963, decided May 24, 1940; Michigan

---

[1] No opinion for publication.

Limestone & Chemical Co. v. United States, Eastern District of Michigan, decided May 24, 1940;[1] Tennessee Consolidated Coal Co. v. United States, Court of Claims, 89 Ct.Cl. 542, decided November 6, 1939; certiorari denied June 3, 1940, 60 S.Ct. 1098, 84 L.Ed. 1415.

In view of the fact that this same question has been raised in many district courts throughout the United States and has been given careful consideration by those courts and the act held constitutional, this court is not inclined to hold these sections of the act unconstitutional in order to sustain the plaintiffs' complaints. This court, however, has examined with great care the briefs which have been filed and is of the opinion that the act is constitutional.

The motions to dismiss will be sustained and an exception allowed.

---

[1] No opinion for publication.