**ISTHMIAN S. S. CO. v. UNITED STATES**
**(and twenty-eight other cases).**
**No. 56.**

District Court, D. Delaware.

July 5, 1940.

Josiah Willard (of White & Case), of New York City, and Richards, Layton & Finger, of Wilmington, Del., for plaintiff Isthmian Steamship Co.

Wilson W. Wyatt, of Louisville, Ky., and Lowell M. Greenlaw, of Chicago, Ill., for plaintiffs Pullman Co. and others.

W. H. Annat, of Cleveland, Ohio, and Herbert H. Ward, Jr., of Wilmington, Del. (Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, of counsel), for plaintiffs Ice Companies.

Stewart Lynch, U. S. Atty., of Wilmington, Del., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen., for defendant.

NIELDS, District Judge.

The complaint alleges that plaintiff filed a federal capital stock tax return for the taxable year ended June 30, 1933, with the Collector of Internal Revenue for the Second District of New York and paid the tax due thereunder in the amount of $4,000; that plaintiff filed a claim for refund which was denied by the Commissioner of Internal Revenue; that the act of Congress under which said tax was paid, i. e., National Industrial Recovery Act, sections 215(a) and (f), and 216(a), 48 Stat. 195, c. 90, is unconstitutional and is in violation of the Fifth Amendment to the Constitution of the United States, and that the tax is so arbitrary as to amount to confiscation and is so lacking in a basis for classification as to produce gross and patent inequality. The complaint concludes with a prayer for judgment for the amount of taxes paid with interest.

The motion to dismiss admits facts well pleaded but not conclusions of law respecting the constitutionality of the act of Congress. Under the pleadings the only inquiry is whether any capital stock tax is constitutional. These excise taxes are not levied on the capital stock or property of corporations. They are levied on the exercise of the privileges of doing business in a corporate capacity. The words of the statute are: " * * * there is hereby imposed upon every domestic corporation with respect to carrying on or doing business * * * an excise tax * * *." The Supreme Court has repeatedly upheld taxes levied on the exercise of the privilege of doing a particular kind of business or of doing any kind of business by corporations.

A capital stock tax is an excise levied upon the privilege of doing business as a corporation. The declared value or the adjusted declared value is the basis for determining the amount of tax to be paid. The measure of the tax is for Congress to determine. The measure adopted by Congress will be upheld unless clearly unconstitutional. Flint v. Stone Tracy Co., 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann. Cas.1912B, 1312. When such an excise is levied it may be measured by the "adjusted declared value". Flint v. Stone Tracy Co., supra.

Sections 215 and 216 of Title II of the National Industrial Recovery Act do not delegate the federal taxing power to the taxpayers as charged, but merely permit the corporations to declare, with unrestricted freedom, their own values for purposes of measuring the capital stock and excess profits taxes. The values declared are then binding on the Government as well as the taxpayers. The taxpayers can do nothing that affects taxes on anyone except themselves. They perform no legislative duty in electing the values that they shall declare.

The perfect freedom permitted the taxpayers is the very antithesis of arbitrary or capricious statutory provisions. The main purposes of allowing taxpayers to determine and declare their own capital stock valuations were "(1) in order to avoid casting upon the Bureau of Internal Revenue the tremendous administrative task of valuing the capital stock of all corporations for the purposes of this tax, and (2) in order to avoid the burdensome litigation which had been occasioned by disputes over the actual value of a corporation's capital stock under the war excess-profits tax." H. Rep. Jan. 14, 1938, 75th Cong., 3d Sess., p. 57.

In the light of the administrative advantages obtained, there is nothing arbitrary in allowing taxpayers to declare their own valuations. Congress merely agreed to accept the valuations declared and waived the right to question or revise the taxpayer's election.

Plaintiff contends that the statute requires an original declared value which has no reference to actualities and furnishes no basis for classification. That no guide is prescribed for taxpayers in declaring values whereby inequalities result. These contentions are untenable. Taxpayers may declare capital stock values and excess profits which result in a low combined tax. They may choose to ignore actualities and base their computations on conjecture. Subsequent events may disclose that some taxes might have been saved if different capital stock values had been declared. However, the statutes are revenue measures. It was not the intention of Congress that each corporation be enabled to declare a value yielding the least net revenue to the Government. On the contrary, it was the express intention of Congress that taxpayers should declare reasonable values as is shown by the legislative history of the acts.

"Section 214 provides for a new tax similar in principle to the capital stock tax which was levied from 1916 to 1926. In order to avoid controversy as to the value of the capital stock, the tax is imposed on the value declared by the corporation. A reasonable value is however assured by means of an excess-profits tax imposed by Section 215 and based on the relation of the net income of the corporation to such declared value. * * *."

"Section 215 imposed an excess-profits tax on corporations. The primary object of this tax is to induce corporations automatically to declare a fair value for their corporate stock under section 214. The rate is 5 percent on the portion of the net income in excess of 12½ percent of the adjusted declared value of the stock of the corporation. * * *" S.Rep. No. 114, 73d Cong. 1st Sess. p. 6.

The statutes imposing the capital stock tax and excess profits tax must be considered together. So considered, they are largely self-adjusting, and produce a reasonable combined tax. It is not arbitrary or unjust to require the declared value to stand, subject to suitable adjustments for bona fide changes. This is true in view of the self-adjusting features of the excess profits tax and it is warranted by the administrative advantages obtained.

"The tax has been examined and considered at three different sessions of Congress, and until recently [speaking of February 6, 1939] no question has been raised as to its constitutionality." Allied Agents, Inc., v. United States, Ct.Cl., 26 F.Supp. 98, 103, certiorari denied, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. ——.

It is of no avail to enter into an elaborate discussion of the constitutional question involved. That question has been

dealt with in numerous cases and the constitutionality of the act uniformly upheld. W. & K. Holding Corp. v. Commissioner, 38 B.T.A. 830; Del Mar Addition v. Commissioner, 40 B.T.A. 832; Allied Agents v. United States, Ct.Cl., 26 F.Supp. 98; Mountain Iron Co. v. United States, D.C., 31 F.Supp. 895; Stromberg-Carlson Mfg. Co. v. McGowan, D.C., 32 F.Supp. 101; Hornell Ice & Cold Storage Co. v. United States, D.C., 32 F.Supp. 468.

Accordingly the court finds the Act of Congress involved in this case constitutional. Even when doubt appears district courts are required to resolve that doubt in favor of the validity of Acts of Congress.

Defendant's motion to dismiss must be granted.

An order may be submitted.