## UNIVERSAL EXPLORATION CO. v. DAVIS, Collector of Internal Revenue.

### No. 5020.

District Court, N. D. Alabama, S. D. July 30, 1940.

---

Augustus Benners and Benners, Burr, McKamy & Forman, all of Birmingham, Ala., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala., for defendant.

MURPHREE, District Judge.

This is an action for recovery of capital stock tax alleged to have been paid by the plaintiff to the defendant pursuant to Section 105 of the Act of Congress approved August 30, 1935, known as the Revenue Act of 1935, as amended by Section 401 of the Act of Congress, approved June 22, 1936, 26 U.S.C.A.Int.Rev.Acts, page 798. The sole basis for the action is the allegation that Section 105 of the Revenue Act of 1935, as amended by Section 401 of the Revenue Act of 1936 and Section 106 of the Revenue Act of 1935 as amended by Section 402 of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Acts, pages 798, 800 (imposing an excess-profits tax in relation to the capital stock tax), are unconstitutional and void. The grounds of unconstitutionality urged are violation of the Fifth Amendment to the Constitution of the United States to the effect that no person shall be deprived of "property, without due process of law; nor shall private property be taken for public use, without just compensation"; and the contention that the said tax is so arbitrary as to amount to confiscation and is so wanting in basis for classification as to produce gross and patent inequality.

The defendant has filed a motion to dismiss on the grounds that the complaint fails to state a claim upon which relief can be granted and that the court lacks jurisdiction over the subject matter. Therefore, the question of constitutionality of the above-mentioned statutory provisions is squarely raised. In view of the fact that there are several cases pending in this court which raise substantially the same question, we deem it advisable to state the views of this court on the question.

With differences immaterial to the issue of constitutionality, the statutory provisions here in question are similar to Sections 215 and 216 of Title 2 of the National Industrial Recovery Act, 48 Stat. 195, 207, 208, and Sections 701 and 702 of the Revenue Act of 1934, 48 Stat. 769, 770, 26 U.S.C.A. Int.Rev.Acts, pages 787, 789. The Court of Claims, in the case of Allied Agents v. United States, Ct.Cl., 1939, 26 F.Supp. 98, certiorari denied, 1939, 308 U.S. 561, 60 S. Ct. 72, 84 L.Ed. 471, held these earlier statutory provisions constitutional as against the same objections made in the present case.

Rosoff Tunnel Corporation v. Higgins, D.C.N.Y., 1938, 28 F.Supp. 880, held the same statutory provisions as are here involved constitutional as against similar objections to their validity.

Similar decisions were reached in Midvale Paper Board Co. v. United States, D. C.N.Y., 1940, 31 F.Supp. 851; Mountain Iron Co. v. United States, D.C.Minn., 1940, 31 F.Supp. 895; Hornell Ice & Cold Storage Co. v. United States, D.C.N.Y., 1940,

32 F.Supp. 468; and Stromberg-Carlson Mfg. Co. v. McGowan, D.C.N.Y., 1940, 32 F.Supp. 101.

See also: Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340.

We have been unable to discover any reported cases reaching a contrary result.

■ The scheme of these several statutory provisions is simple. A capital stock tax is levied, and· an excess-profits tax is levied on the profits of corporations above a set rate of profit on the adjusted declared capital stock. Clearly Congress may constitutionally levy a capital stock tax and an excess-profits tax on corporations. Flint v. Stone Tracy Co., 1911, 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Ray Consol. Copper Co. v. United States, 1925, 268 U.S. 373, 45 S.Ct. 526, 69 L.Ed. 1003; Edwards v. Chile Copper Co., 1926, 270 U.S. 452, 46 S.Ct. 345, 70 L.Ed. 678.

■ However, the principal objection of the plaintiff here seems to be not to the objective basis of the taxes imposed, but to the method provided by the statute for arriving at the basis 'for those taxes, i. e. arriving at the capital stock for the first year. This objection seems unwarranted in view of the fact that the taxpayer is allowed freely to declare the value of its capital stock for the first year at whatever figure it fixes. Certainly the taxpayer itself is in the best possible position to determine the correct value of its capital stock, and should not be heard to complain because both it and the United States Government are required to abide by its own declaration of value. Concededly the taxpayer may err in its valuation, but the possibility of error always exists in assessments of value as the basis of taxes. Generally, the possibility of simple error should not be greater when the assessment is made by the taxpayer than when it is made by an official of the taxing authority.

The burden of plaintiff's argument seems to be that because of the relatively high rate of taxation under the excess-profits tax provisions here in question the corporation will declare its capital stock value with a view of avoiding payment of the excess-profits tax, and that it is thereby required to make ,a declaration as a basis of the capital stock tax which speculates upon the extent of its future profits. While the provisions of the statutes here involved certainly leave the taxpayer free to depart from the exclusive consideration of the true value of its capital stock in declaring its value, there is nothing to compel it to do so. If a corporation does deliberately depart from consideration of the true value of its capital stock, in an understandable effort to minimize its taxes, it has no ground to object later if it transpires that it paid an excessive capital stock tax, or subjected itself to an excessive excess-profits tax by reason of such departure.

Both on the basis of sound reasoning and the authorities cited, the taxes here attacked seem to us to be valid and reasonable. The statutes themselves seem to be fair both in the basis of the taxes and in the method provided for their assessment. We cannot hold a tax to be arbitrary and discriminatory because the taxpayer may voluntarily pay more taxes, in proportion, under the capital stock tax provisions than does some other corporation because of its own plan to avoid a subsequent excess-profits tax. The capital stock tax and excess-profits tax, read in pari materia, as they should be read (see Del Mar Addition, Barnes, Trustee, v. Commissioner of Internal Revenue, 113 F.2d 410, decided on July 8, 1940, by the Circuit Court of Appeals for the Fifth Circuit), are certainly designed to require all corporations to pay, under one provision or the other, their due share of revenue. Under this view, the statutes seem to the court to be particularly designed to prevent ˙corporations from avoiding or unduly reducing tax payments; and this design seems to us to apply indiscriminately and with uniformity.

We hold that, because the statutes here attacked are clearly constitutional, the motion· to dismiss ˙should be granted. An order to that effect will be entered.