## PRIME SECURITIES CORPORATION v. UNITED STATES, and five other cases.

### Nos. 8598–8602, 8711.

Circuit Court of Appeals, Sixth Circuit.

May 15, 1941.

Benjamin E. Jaffe, of Detroit, Mich. (Benjamin E. Jaffe, John C. Evans, and George L. Cassidy, all of Detroit, Mich., on the brief), for appellants.

Paul S. McMahon, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Paul S. McMahon, Sp. Assts. to Atty. Gen., and John C. Lehr and J. Thomas Smith, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Upon grounds repeatedly rejected and never sustained by numerous United States courts, the appellants in these six similar cases, heard together on this appeal, unsuccessfully attacked in the District Court the constitutionality of Sections 215 and 216 of the National Industrial Recovery Act, 48 Stat. 207, 208, and Sections 701 and 702 of

the Revenue Act of 1934, Ch. 277, 48 Stat. 680, 26 U.S.C.A., Internal Revenue Acts, pages 787, 789. The grounds of attack were, as usual, that the challenged laws are so unreasonable, capricious, arbitrary and discriminatory as to violate the due process clause of the Fifth Amendment and impose a direct tax in violation of Article I, Section 2, Clause 3; and Article I, Section 9, Clause 4, of the Constitution of the United States.

All arguments advanced by appellants in the instant cases have been answered adversely in the adjudications of the Federal Courts upholding the constitutionality of the questioned statutes. The United States Court of Claims has sustained the constitutionality of these statutes in the following cases, in all of which petitions for certiorari were denied: Allied Agents v. United States, 26 F.Supp. 98, certiorari denied, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471; Chicago Telephone Supply Co. v. United States, 35 F.Supp. 470, certiorari denied, 305 U.S. 628, 59 S.Ct. 92, 83 L.Ed. 402; and Servel, Inc., v. United States, General Motors Corporation v. United States, United Motors Service, Inc., v. United States (decided together), 35 F.Supp. 466, certiorari denied March 31, 1941, 61 S.Ct. 825, 85 L.Ed. ——.

The constitutionality of the statutes was also upheld in the following District Court decisions: Rosoff Tunnel Corporation v. Higgins, 28 F.Supp. 880; Midvale Paper Board Company v. United States, 31 F. Supp. 851; Mountain Iron Company v. United States, 31 F.Supp. 895; Stromberg-Carlson Mfg. Co. v. McGowan, 32 F.Supp. 101; Hornell Ice & Cold Storage Co. v. United States, 32 F.Supp. 468; Isthmian Steamship Co. v. United States, 33 F.Supp. 1007; Kentucky Fire Brick Company v. Glenn, 34 F.Supp. 35; American Viscose Corporation v. Rothensies, 34 F.Supp. 217; Lake Terminal Railroad Co. v. United States, 34 F.Supp. 963; Stanolind Oil & Gas Co. v. Jones, 34 F.Supp. 965; United States Steel Products Co. v. United States, 36 F.Supp. 368. Moreover, our attention has been directed to decisions of a number of other District Judges who, in unpublished opinions, have declared the statutes constitutional.

Furthermore, the Board of Tax Appeals has recognized the constitutionality of these Acts of Congress in the following four cases: Webster Co. v. Commissioner, 37 B.T.A. 800; W. & K. Holding Corporation v. Commissioner, 38 B.T.A. 830; A. J. Crowhurst & Sons, Inc., v. Commissioner, 38 B.T.A. 1072; Del Mar Addition v. Commissioner, 40 B.T.A. 833.

But more authoritative, of course, than any of the cases cited, supra, is the opinion of the Circuit Court of Appeals for the Second Circuit in Rochester Gas & Electric Corporation v. McGowan, decided December 2, 1940, 115 F.2d 953, 954, which held that, considering together the capital stock statute which permits the taxpayer to declare the value of capital stock as a basis for taxation and the excess profits statute under which taxation depends upon such declared value, there is no resulting violation of the Fifth Amendment or unlawful delegation of legislative power. See, also, decision of the Fifth Circuit Court of Appeals in the case of Briggs-Darby Construction Co. et al. v. Commissioner, 119 F.2d 89, handed down since the argument of the cases at bar.

■ We add our adherence to the unbroken line of authority upholding the constitutionality of the challenged acts, and endorse the conclusion of Judge Learned Hand in the Rochester Gas case, cited above, that the two taxes were lawfully "ingeniously interlocked so as to put taxpayers in a deliberately planned dilemma: if they reduced the 'declared value' of their capital, they reduced pro tanto that part of their income which was exempt from the 'excess profits tax'; if they raised it, they increased the 'capital stock tax.'" We agree, too, with his statement that "so long as the legislature itself fixes the alternatives within which the choice must be made, it has never been considered that there is an unlawful delegation of power."

■ The statutes with which we are concerned impose excise taxes on the privilege of doing corporate business. Such taxes have been long recognized as lawful; and Congress had been upheld in its prerogative of measuring the value of the taxed privileges. Ray Consolidated Copper Company v. United States, 268 U.S. 373, 45 S. Ct. 526, 69 L.Ed. 1003; Fidelity Title & Trust Co. v. United States, 259 U.S. 304, 308, 42 S.Ct. 514, 66 L.Ed. 953; Flint v. Stone Tracy Co., 220 U.S. 107, 108, 174, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Spreckels Sugar Refining Co. v. McClain, 192 U.S. 397, 24 S.Ct. 376, 48 L.Ed. 496.

We are in accord with the belief expressed by the Court of Claims in Servel

v. United States, supra, that while the constitutionality of the capital stock and the excess profits taxes was not attacked in Haggar Company v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, the clear implication is nevertheless to be drawn from the opinion that the Supreme Court regards the tax statutes as constitutional. At the outset of the opinion, Mr. Justice Stone pointed out that Sections 215 and 216 of the National Industrial Recovery Act, re-enacted as Sections 701 and 702 of the 1934 Revenue Act, 48 Stat. 680, 769, 770, imposed "inter-related taxes" consisting of an annual capital stock tax on domestic corporations, and an annual corporate tax on profits in excess of twelve and one-half per cent of the capital stock, calculated on the basis of the value of the capital stock as fixed by the corporation's return for the first year in which the tax is imposed.

In the course of the opinion, it was said (page 394 of 308 U.S., page 339 of 60 S.Ct., 84 L.Ed. 340): "All statutes must be construed in the light of their purpose. A literal reading of them which would lead to absurd results is to be avoided when they can be given a reasonable application consistent with their words and with the legislative purpose. * * * Here the purpose of the statute is unmistakable. It is to allow the taxpayer to fix for itself the amount of the taxable base for purposes of computation of the capital stock tax, but with the proviso that the amount thus fixed for the first taxable year shall be accepted, with only such changes as the statute prescribes for the purpose of computing the capital stock and excess profits taxes in later years. Congress thus avoided the necessity of prescribing a formula for arriving at the actual value of capital for the purpose of computing excess profits taxes, which had been found productive of much litigation under earlier taxing acts, see Sen. Rep. 52, 69th Cong., 1st Sess., pp. 11-12; cf. Ray Consolidated Copper Co. v. United States, 268 U.S. 373, 376, 45 S.Ct. 526, 527, 69 L.Ed. 1003. At the same time it guarded against loss of revenue to the Government through understatements of capital, by providing for an increase in excess profits tax under § 216 ensuing from such understatements."

In our judgment, there is in this language plain implication of approval of the legality of the scheme of taxation here under attack.

Be that as it may, no utterance of the Supreme Court known to us contravenes the correctness of the conclusion which we have reached, in concurrence with numerous other inferior courts of the United States, that the questioned Acts of Congress are constitutional.

The decrees below are affirmed.

HAMILTON, Circuit Judge, concurs in result only.