**AMERICAN VISCOSE CORPORATION v. ROTHENSIES, Collector of Internal Revenue, and six other cases.**

**Nos. 7547, 7582–7587.**

Circuit Court of Appeals, Third Circuit.

June 6, 1941.

No. 7547:

Charles J. Biddle, of Philadelphia, Pa. (Drinker, Biddle & Reath, of Philadelphia, Pa., and Jackson, Fuller, Nash & Brophy, of New York City, on the brief), for appellant.

Paul S. McMahon, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, U. S. Atty., both of Philadelphia, Pa., on the brief), for appellee.

Nos. 7582–7587:

Wm. H. Annat, of Cleveland, Ohio (Spieth, Taggart, Spring & Annat, of Cleveland, Ohio, and Herbert H. Ward, Jr. of Wilmington, Del., on the brief), for appellants.

Paul S. McMahon, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., on the brief), for appellee.

Before BIGGS, CLARK, and JONES, Circuit Judges.

BIGGS, Circuit Judge.

Substantially identical questions are presented by the seven appeals at bar. Each appellant contends that it (or in the case in which American Viscose Corporation is the appellant, it and its two predecessor corporations) has paid taxes which were illegally collected and received by the United States or its agents pursuant to the provisions of allegedly unconstitutional statutes. The statutes involved are respectively Section 701(a) and (f) of the Revenue Act of 1934, c. 277, 48 Stat. 769, 770, 26 U.S.C.A. Int.Rev.Acts, pages 787, 788 (capital stock tax) in the appeal of the American Viscose Corporation, and Sections 215(a) and (f) and 216(a) of the National Industrial Recovery Act, 48 Stat. 207, 208 (capital stock tax and excess-profits tax), in the appeals of the other corporations. The appellants contend that these statutes are unconstitutional in that they violate the provisions of Section 1 of Article I, clause 1 of Section 8 of Article I and the Fifth Amendment of the Constitution of the United States. Motions to dismiss were filed by the appellees upon the ground that the complaints failed to state any causes of action. These motions

were granted by the courts below[1] and the appeals at bar followed.

In the argument before this court, as in the courts below, two questions have been raised. The first may be disposed of without extended discussion. The United States contends that as the complaints disclose no actual and specific injury to the appellants, there is no basis for challenging the constitutionality of the statutes and the courts below could have dismissed the complaints properly without passing upon the substantive question of the constitutionality of the statutes. The complaints (with the exception of that of the American Viscose Corporation) fail to disclose any allegations of injury or damage to the taxpayers by reason of the statutes complained of except by virtue of the imposition of taxes thereunder. The complaint of American Viscose Corporation alleges that if it had been permitted to redeclare the value of its capital stock for the year 1935, its excess-profits tax would have been substantially less. The appellants, other than American Viscose Corporation, do not allege that they attempted to declare the actual values of their respective capital stocks. The American Viscose Corporation in fact alleges that the values declared by it and its predecessor corporations were not the actual or fair market values of their stocks. This, by inference at least, American Viscose Corporation contends was not its fault nor the fault of its predecessors, yet the values placed upon the stocks were selected by the corporations in their own absolute discretion. American Viscose Corporation points out that the values selected cannot be changed apart from the adjustments provided for by subsection (f) of the statutes and contends that these adjustments are insufficient to take care of extraordinary changes which might occur in its capital structure. None of the appellants, however, alleges the occurrence of any extraordinary changes in capital not susceptible of adjustment under subsection (f). Boiled down to essence, the contentions of all the appellants come to this: they have been compelled to pay taxes imposed by unconstitutional statutes.

We can perceive no reason none the less why suits such as those at bar may not be maintained for the recovery of taxes paid under unconstitutional statutes. The statutory provisions were actually enforced against the appellants if we use that word to include the predecessor corporations of the American Viscose Corporation. The burden of the taxes was in fact borne by the appellants or predecessor corporations. If the taxes paid were illegally levied the appellants are entitled to recover them and must be given their day in court to enable them to prove the facts. All this is fundamental. But on the other hand there is no reason why the question of constitutionality of the statutes may not be disposed of upon motions to dismiss. The motions to dismiss filed in the cases at bar are the equivalent of general demurrers at common law. All well pleaded facts are admitted for the purpose of the demurrers. The question presented is whether or not the complaints state a cause of action. It was not improper for the trial courts to pass upon the substantive question of the constitutionality of the statutes under these circumstances. We think it would have been error for the trial courts not to have done so. Such a view is supported by authority. See Moore's Federal Practice, Vol. 1, p. 428, § 7.02. This disposes of the first question presented for our determination.

We come to the more important question of the constitutionality of the statutes sub judice. Of course a taxing statute may be so arbitrary and capricious in its provisions as to fall before the due process clause of the Fifth Amendment. Heiner v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772; Brushaber v. Union Pacific Ry. Co., 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A. 1917D, 414, Ann.Cas.1917B, 713; Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081. The appellants contend that the acts of Congress with which we are concerned are arbitrary and capricious because the tax is imposed not upon the basis of the actual values of the property but upon a purely arbitrary or fictitious figure, set up by the taxpayers in their discretion, no standards being prescribed for establishing values; that the phrase "declared value" used in the capital stock tax statutes permits the declaration of value by the guess of the taxpayer; and that the statutes constitute an unconstitutional delegation of legislative authority.

---

[1] See Isthmian S. S. Co. v. United States, D.C., 33 F.Supp. 1007, a decision referred to by the District Court of Delaware as governing the case at bar, and American Viscose Corporation v. Rothensies, D.C., 34 F.Supp. 217.

Whether capital stock taxes such as those under consideration be deemed excise taxes imposed by the United States upon the right of corporations to do business or ad valorem taxes, it can not be said that the taxes are of necessity so arbitrary in their operation as to be confiscatory. We think that these capital stocks taxes are ad valorem taxes in which the values set upon the capital stocks of corporations are intended to be measured by the very persons, viz., corporate officers, most capable of ascertaining these values. We cannot assume that any corporation will set absurd, fictitious, or whimsical values upon its capital stocks in order to reduce the amount of taxes which may be lawfully due, particularly when it is borne in mind that the values set must serve as the bases for excess-profits tax. Capital stock tax returns must be sworn to and it cannot be presumed that a responsible corporate officer will make a false return under oath. A tax statute may not be declared unconstitutional merely because it provides that the value upon which the tax is based shall be left to the statement of the taxpayer. It may be unwise to allow value to be determined in this way, but the wisdom of tax legislation is for Congress and not for the courts.[2] Even the point of lack of wisdom is difficult to maintain upon consideration of the concomitant excess-profits tax which imposes a heavy burden upon a tax-paying corporation if it has placed the value of its capital stock at too low a figure.

As to the argument that the statute sets up no standards for the establishing of the values of capital stock we think that the methods for establishing such values are now established and are well known to the business community. Such standards need not be set up in statutes. Estimates as to the value of stocks may differ widely but under the statutes sub judice the business community has the last word.

If the value of capital stock be fairly and intelligently declared by the taxpayer in the first return we think it is apparent that the adjustments permitted by subsections (f) of the capital stock tax statutes are sufficient to take care of differences in capital values created by ordinary changing business conditions. While extraordinary circumstances can be imagined under which the provisions of these subsections might not suffice, such circumstances are not alleged in the cases at bar or even hinted at. The taxpayers themselves, exercising their own free will, have determined bases for taxation. Exercising such unfettered choice, if the values fixed have been capricious, arbitrary or whimsical, the appellants must bear their self-imposed burden.

As to the argument that the capital stock tax statutes constitute an unlawful delegation of legislative authority we conclude that this argument also is without merit. There is no unlawful delegation of authority. One might as well contend that the statute leaving to the individual income-tax payer the privilege to make and file an individual tax return with the collector is an unlawful delegation of legislative authority. While it is true that the return of the individual income-tax payer may be audited by the department or amended by the taxpayer and further tax assessed and paid or tax remitted and that this is not the case with capital stock tax returns or taxes, this is simply because Congress has not permitted such courses to be pursued. Congress in effect has waived these rights both for the taxpayer and the government but such a waiver is far removed from an unlawful delegation of legislative authority.

As was suggested by Judge Kirkpatrick in his opinion in the court below in the American Viscose Corporation case, 34 F.Supp. page 217, the capital stock tax and the excess-profits tax are "adjuncts", closely related and complementary to each other. The scheme of taxation set up by the United States constitutes a unitary levy. To put this conception in ordinary and non-technical language, we say that what the tax paying corporation gains or loses by an erroneous statement of the basis for its capital stock tax, it in turn loses or gains upon its excess-profit tax. This was the declared purpose of Congress. See S. Rep. No. 114, note 2 supra. We can per-

---

[2] The reason why sections 215(a) and (f) and 216(a) of the National Industrial Recovery Act were cast in their present form is clearly set out in H.Rep. Jan. 14, 1938, 75th Cong., 3d Sess. p. 57. The purpose was to avoid throwing the tremendous burden of valuing the capital stock of all corporations upon the Bureau of Internal Revenue and the many disputes which arose under the excess-profits tax imposed during the last war. See 39 Stat. 1000; 40 Stat. 300. See also S. Rep. No. 114, 73rd Cong. 1st Sess. p. 6.

ceive nothing arbitrary, capricious or confiscatory in such a taxing system. Indeed this phase of sections 215 and 216 of the National Industrial Recovery Act was passed upon by the Supreme Court in Haggar Co. v. Helvering, 308 U.S. 389, 394, 60 S.Ct. 337, 84 L.Ed. 340, and implicitly approved. As was stated in the case of Allied Agents v. United States, Ct.Cl., 26 F.Supp. 98, 102: "There are many taxes as to which hypothetical cases can be made up which will present, as between taxpayers, a strong discrimination; but in actual practice the two taxes under consideration are much more likely to work out fairly and with less discrimination than the old excess-profits tax which seldom if ever operated without more or less discrimination and often compelled one taxpayer having the same amount of profits as another to pay many times more taxes than a competitor which was using no greater amount of capital."

We have carefully considered all the arguments and authorities advanced by the appellants as well as the authorities cited by them. Every argument so advanced has been exhaustively treated in numerous cases and the statutes have never been held to be unconstitutional.[3] We can find no decided case as authority for the contrary view contended for by the appellants.

Accordingly the judgments of the courts below are affirmed.

---

[3] See Prime Securities Corp. v. United States, 6 Cir., 119 F.2d 939; Briggs-Darby Construction Co. v. Commissioner, 5 Cir., 119 F.2d 89; Rochester Gas & Electric Corporation v. McGowan, 2 Cir., 115 F.2d 953; United States Steel Products Co. v. United States, D.C., 36 F.Supp. 368; Chicago Telephone Supply Co. v. United States, Ct.Cl., 23 F.Supp. 471, certiorari denied 305 U.S. 628, 59 S.Ct. 92, 83 L.Ed. 402; Servel, Inc., v. United States, Ct.Cl., 35 F.Supp. 466, certiorari denied, March 31, 1941, United ed Motor Service v. United States, 61 S.Ct. 825, 85 L.Ed. —; Stanolind Oil & Gas Co. v. Jones, D.C., 34 F.Supp. 965; Lake Terminal R. Co. v. United States, D.C., 34 F.Supp. 963; Kentucky Fire Brick Co. v. Glenn, D.C., 34 F.Supp. 35; Isthmian S. S. Co. v. United States, D.C., 33 F.Supp. 1007; Hornell Ice & Cold Storage Co. v. United States, D.C., 32 F.Supp. 468; Stromberg-Carlson Mfg. Co. v. McGowan, D.C., 32 F.Supp. 101; Mountain Iron Co. v. United States, D. C., 31 F.Supp. 895; Midvale Paper Board Co. v. United States, D.C., 31 F. Supp. 851; Rosoff Tunnel Corporation v. Higgins, D.C., 28 F.Supp. 880; Allied Agents v. United States, Ct.Cl., 26 F. Supp. 98, certiorari denied, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471; Del Mar Addition v. Commissioner, 40 B.T.A. 833; A. J. Crowhurst & Sons, Inc., v. Commissioner, 38 B.T.A. 1072; W. & K. Holding Corporation v. Commissioner, 38 B.T.A. 830.