## YELLOW CAB CO. v. UNITED STATES
### and three other cases.
#### Nos. 7625–7628.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1941.

Wm. Jaffe, of Chicago, Ill., and Benjamin E. Jaffe, of Detroit, Mich., for appellants.

Samuel O. Clark, Jr., Asst. Atty. Gen., J. Albert Woll, U. S. Atty. of Chicago, Ill., and Paul S. McMahon, of Washington, D. C., for appellee.

Before EVANS, SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In these appeals, plaintiffs in four suits, consolidated for hearing in the District Court, seek to reverse judgments dismissing their claims for recovery of capital stock taxes paid for the taxable years 1933 and 1934 on the ground that Sections 215 and 216 of the National Industrial Recovery Act, 48 Stat. 207, 208, and Sections 701 and 702 of the Revenue Act of 1934, Title 26 U.S.C.A. Int.Rev.Acts, pages 787, 789, under which the taxes were assessed and collected, are unconstitutional.

They make no complaint that the declared values of their respective capital stocks were unfair, unreasonable or inequitable or that any actual and specific injury has accrued to any of them, but assert that the basis fixed by the Congress for computation of the tax is unreasonable, arbitrary and discriminatory in that the declared value must, under the statute, abide and continue in future years, as to the outcome of which, so far as bearing upon value of capital stock is concerned, only conjecture and guess, wholly unrelated to actual value, can furnish any basis for computation of the tax. They contend also that the acts of Congress in question are retroactive in character.

Similar contentions have been denied in other courts, and no factual or legal element not involved in those adjudications is presented in the complaints here. We agree with the reasoning of these prior decisions and think no good purpose would be served by enlarging upon what they announce. Consequently, upon the authority of Ray Consol. Copper Co. v. United States, 268 U.S. 373, 45 S.Ct. 526, 69 L.Ed. 1003;

Flint v. Stone Tracy Co., 220 U.S. 107, 31 S. Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312; Edwards v. Chile Copper Co., 270 U.S. 452, 46 S.Ct. 345, 70 L.Ed. 678; La Belle Iron Works v. United States, 256 U.S. 377, 41 S. Ct. 528, 65 L.Ed. 998; Haggar Co. v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L. Ed. 340; generally, and of Servel, Inc., v. United States, Ct.Cl., 35 F.Supp. 466; Utah Oil Refining Co. v. Hinckley, 10 Cir., 121 F.2d 578; Prime Securities Corp. v. United States, 6 Cir., 119 F.2d 939; Rochester Gas & Electric Corp. v. McGowan, 2 Cir., 115 F.2d 953; American Viscose Corp. v. Rothensies, 3 Cir., 121 F.2d 186, and Briggs-Darby Const. Co. v. Commissioner, 5 Cir., 119 F.2d 89, dealing specifically with contentions similar to those here made, the judgments are affirmed.