## LAKE TERMINAL R. CO. v. UNITED STATES.
### Civ. No. 19926.

District Court, N. D. Ohio, E. D.

May 24, 1940.

964

Squire, Sanders & Dempsey, by Paul Holden, all of Cleveland, Ohio, for plaintiff.

E. B. Freed, U. S. Atty., and Francis B. Kavanaugh, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

JONES, District Judge.

The United States has filed a motion to dismiss the complaint for the reason that it fails to state a claim upon which relief can be granted. The action is one to recover capital stock taxes paid by the plaintiff under certain sections of the revenue laws. The claim for refund was denied by the Commissioner of Internal Revenue on July 23, 1937. The basis of the petitioner's right to recover the capital stock tax exacted is that the taxing statutes violate the provisions of the Fifth Amendment of the Constitution of the United States and that the taxes are so arbitrary as to amount to confiscation and so wanting in basis for classification as to produce gross and patent inequality.

The Government, in support of its motion to dismiss, urges that the complaint alleges no specific injury to the taxpayer, and that it is not in position to challenge the constitutionality of the statute in this action, and that even if it were the taxing laws are constitutional.

There is some merit in the first contention of the Government, because nowhere in the complaint is there any specific allegation of any facts which, if accepted as true, would support a conclusion that the petitioner has sustained any specific injury through the payment of the tax. No discrimination in favor of other taxpayers and against the petitioner is alleged, and no facts are stated from which the Court could determine that confiscation of property has resulted from the exaction of the tax.

Consideration of the controlling authorities, as they touch the questions raised by the motion and discussed in the respective briefs, brings the Court to the conclusion that the motion should be sustained.

True it is that none of the authorities relied upon definitely respond to the precise questions presented, nor do I think any one of them forecloses the constitutional question, but enough is stated in several of the decisions of the Supreme Court to stand in the way of a finding here of invalidity beyond a reasonable doubt. For example, Haggar Company v. Helvering, Com'r, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, decided January 2, 1940. The coverage of the Fifth Amendment has been greatly circumscribed in past decisions; equal protection is out; lack of classification is not a fatal fault; uniformity is only geographical in application. Thus it would seem that the only protection remaining, as applied to the situation here presented, is the inhibition against confiscation; and it has been held that a tax may be so capricious, arbitrary and burdensome as to amount to confiscation.

The petitioner contends that the taxing statute is and does just that; that no true excise tax is provided for because the basis for the exaction bears no relation to the value of the capital stock. Where Congress selects the basis for the tax, no discrimination can be asserted on account of unequal results to different corporations; but the petitioner contends that Congress has undertaken to delegate the determination of the tax base to the taxpayer, and that by so doing has created not only confusion and uncertainty but discrimination and confiscation. But I do not understand that the departure of Congress from prior definite taxing principles resulting in apparent confusion and uncertainty, and even in possible or probable confiscation or discrimination, gives the courts the power to strike down the law as unconstitutional.

From the petitioner's argument, it does seem as if the taxpayer were given the election at its peril, and once having declared the value of its capital stock it thus has obligated itself forever after, even though the judgment or guess of its responsible officers turns out to be faulty. But even though it may be thought to be a snare to entrap the wisest, I do not believe the Court is empowered to set the law aside save upon a clear showing of confiscation. It is possible that in some circumstances confiscation may be the ultimate result, but it does not appear beyond a reasonable doubt that such is or will be the result in this and other like cases now pending in the court.

Motion to dismiss sustained. Exceptions may be entered for the plaintiff.