**LIBERTY PAPER BOARD CO., Inc., v.**
**UNITED STATES.**

No. 132.

District Court, S. D. Ohio, E. D.

March 31, 1941.

Smith, Francis & Irvine, of Steubenville, Ohio, for plaintiff.

Calvin Crawford, U. S. Atty., of Dayton, Ohio, and Loren G. Windom, Asst. U. S. Atty., of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

Plaintiff filed a capital stock tax return for the taxable year ending June 30, 1933, declaring the value of its capital stock at $600,000, and paid the tax thereon in accordance with section 215 of Title 2 of the National Industrial Recovery Act, 48 Stat. 207. On or about July 17, 1937, plaintiff filed a claim for refund of said tax. This refund claim was denied by the commissioner on or about October 25, 1937, and plaintiff brings this action to recover the amount of the tax alleging that sections 215 and 216 of said act are unconstitutional, 48 Stat. 207, 208. Defendant moves to dismiss this action because the complaint fails to state a claim against defendant upon which relief can be granted.

Section 215 imposed upon every domestic corporation an annual tax of $1 for each $1,000 of the adjusted declared value of its capital stock. The value declared by the corporation in its first return under this section, which could not be amended was made the adjusted declared value. For any subsequent year certain adjustments in this declared value were provided for changes in the capital structure.

Section 216(a) imposed upon the net income of every corporation taxable under Section 215, "an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of $12\frac{1}{2}$ per centum of the adjusted declared value of its capital stock * * *."

Although the Supreme Court did not have before it the question of the constitutionality of sections 215 and 216, it has said that the declared value of capital stock is not required to conform either to the actual or the nominal capital of the taxpaying corporation. That by allowing the taxpayer to fix the amount of the taxable base, Congress has avoided the necessity of prescribing a formula for arriving at the actual value of capital and at the same time it has guarded against loss of revenue to the Government through understatements by the imposition of the excess profits tax under Section 216. Haggar

Company v. Helvering, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340.

It is urged that construing the capital stock tax as bearing no relationship to the value of capital stock is to produce arbitrary discriminations and to make the statute wanting in classification, rendering the tax invalid under the due process of law clause of the Fifth Amendment. But the constitutionality of the section imposing the capital stock tax cannot be tested alone without considering it in connection with the section imposing the excess profits tax.

That Congress has the power to impose an excise tax on corporations for the privilege of doing business in corporate form is conceded by the plaintiff. Ray Consol. Copper Co. v. United States, 1925, 268 U.S. 373, 45 S.Ct. 526, 69 L.Ed. 1003; Edwards v. Chile Copper Co., 1926, 270 U. S. 452, 46 S.Ct. 345, 70 L.Ed. 678. Congress and not the courts has the right to select the measure and objects of taxation and such taxes are valid unless constitutional provisions are violated. Flint v. Stone Tracy Co., 1911, 220 U.S. 107, 167, 31 S. Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312.

The Fifth Amendment unlike the Fourteenth Amendment has no equal protection clause. Brushaber v. Union Pacific R. Co., 1916, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493, L.R.A.1917D, 414, Ann.Cas. 1917B, 713; La Belle Iron Works v. United States, 1921, 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998; Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293. In enacting an excise tax the only limitation upon the authority is that of uniformity in laying the tax; that is, geographical uniformity throughout the United States, and not the equal application of the tax to all persons who may come within its operation. Ibid. But the Supreme Court has recognized that a statute may be so wholly arbitrary and unreasonable in classification as to be a violation of due process. Blodgett v. Holden, 1927, 275 U.S. 142, 276 U.S. 594, 48 S. Ct. 105, 72 L.Ed. 206; Heiner v. Donnan, 1932, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772. Does the measure of the excise tax in question fall within that category?

The term "capital stock" has no fixed significance in tax statutes. It must be construed in a particular statute by reference to the context, the nature and purpose of the statute, and other rules of

construction. Ray Consol. Copper Co. v. United States, supra, 268 U.S. at page 376, 45 S.Ct. 526, 69 L.Ed. 1003. In the present case, Congress allowed the taxpayer to declare the value of its capital stock which value would be thereafter conclusive on both the taxpayer and the government. A reasonable declared value was assured by the imposition of an excess profits tax on all taxable net income in excess of 12½ per centum of the declared value. It cannot be said that the profits of a corporation do not bear a reasonable relationship to the value of its capital stock.

■ Plaintiff argues that, since the declared value cannot be questioned, some taxpayers may report the full value of their capital stock and others a lower value which will mean that some taxpayers are being assessed at full value and others at a lower value which renders the tax grossly discriminatory as between taxpayers similarly situated. Reference is made to the cases holding that a tax must be applied equally as between taxpayers similarly situated and that one taxpayer cannot be assessed a higher tax than another taxpayer in the same position so that the tax will be constitutional under the equal protection clause of the Fourteenth Amendment. Sunday Lake Iron Co. v. Wakefield Tp., 1918, 247 U.S. 350, 38 S.Ct. 495, 62 L.Ed. 1154; Sioux City Bridge Co. v. Dakota County, 1923, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340, 28 A.L.R. 979. Aside from the fact that the Fifth Amendment has no equal protection clause, these cases do not support plaintiff's contention. They condemn the intentional assessment by the state and its officials of the property of one owner for taxation at its true value while other property is assessed much lower. Iowa-Des Moines National Bank v. Bennett, 1931, 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265. Again referring to the statute, the self-adjusting principles of the two taxes insure a reasonable degree of uniformity and fairness between taxpayers. Allied Agents v. United States, Ct.Cl.1939, 26 F.Supp. 98, certiorari denied, 1939, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471; cf. Chicago Telephone Supply Co. v. United States, Ct.Cl.1938, 23 F.Supp. 471, certiorari denied, 1938, 305 U.S. 628, 59 S.Ct. 92, 83 L.Ed. 402. It is impossible to adjust any system of taxation so as to render it precisely equal in application, and such uniformity is not even required of the States under the equal protection clause,

much less of Congress under the general requirement of due process of law in taxation. La Belle Iron Works v. United States, supra, 256 U.S. at page 392, 41 S.Ct. 528, 65 L.Ed. 998.

■ Nor is the tax unconstitutional because no guide or standard was prescribed in making the declaration of value. There is no necessity for a guide "for making a statement of fact by one who is in possession of full information with reference to the subject". Chicago Telephone Supply Co. v. United States, supra, 23 F.Supp. at page 476. A method of ascertaining the tax is pointed out by the state, that is, the value declared by the taxpayer.

■ By permitting the taxpayer to fix the amount of the tax, plaintiff contends that Congress has delegated to it legislative powers. The corporation performs no legislative duty in making the election of the amount which it will declare. Furthermore, nothing that the taxpayer does affects in any way any one but itself.

■ Plaintiff finally urges that the tax violates the Fifth Amendment by reason of the adjustments to the declared value provided for years subsequent to the declaration year. But before a person may test the constitutionality of a statute he must first show that he has been injured by the discrimination of which he complains. Louisville & Nashville R. Co. v. Finn, 1915, 235 U.S. 601, 35 S.Ct. 146, 59 L.Ed. 379; Roberts & Schaefer Co. v. Emmerson, 1926, 271 U.S. 50, 46 S.Ct. 375, 70 L.Ed. 827, 45 A.L.R. 1495. Plaintiff's action does not present a situation where the declaration of value is used in a subsequent year and for that reason plaintiff cannot claim that the statute is unconstitutional in that respect.

For additional authority the court relies upon Hornell Ice & Cold Storage Co. v. United States, D.C., 32 F.Supp. 468; Midvale Paper Board Co., Inc., v. United States, D.C., 31 F.Supp. 851; Kentucky Fire Brick Co. v. Glenn, Collector of Internal Revenue, D.C., 34 F.Supp. 35; Universal Exploration Co. v. Davis, Collector of Internal Revenue, D.C., 34 F.Supp. 96; Isthmian S. S. Co. v. United States (and twenty-eight other cases), D.C., 33 F.Supp. 1007; Lake Terminal R. Co. v. United States, D.C., 34 F.Supp. 963; Stanolind Oil & Gas Co. v. Jones, Collector of Internal Revenue (Stanolind Pipe Line Co. v. Jones, Collector of Internal Revenue, Stanolind

Crude Oil Purchasing Co. v. Jones, Collector of Internal Revenue), D.C., 34 F. Supp. 965.

Defendant's motion should be sustained and the complaint dismissed.

Entry accordingly.