## UTAH OIL REFINING CO. v. HINCKLEY.
### No. 2212.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1941.

Samuel G. Clawson, of Chicago, Ill. (Burton W. Musser, of Salt Lake City, Utah, and F. W. James, of Evanston, Ill., on the brief), for appellant.

Edward H. Horton, of Washington, D. C. (Dan B. Shields, U. S. Atty., Scott M. Matheson, Asst. U. S. Atty., and John S. Boyden, Asst. U. S. Atty., all of Salt Lake City, Utah, Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Paul S. McMahon, Sp. Assts. to Atty. Gen., on the brief), for the appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This action was brought to recover capital stock taxes paid by appellant, Utah Oil Refining Company, for the year 1933. The statutes involved are Sections 215 and 216 of the National Industrial Recovery Act, June 16, 1933, c. 90, 48 Stat. 195, 207, 208. The appeal is from a judgment dismissing the complaint.

Section 215 imposes a tax on the capital stock of domestic corporations based upon, and in accordance with, its adjusted value as declared by the taxpayer. Section 216 imposes a tax on the excess profits with respect to the earnings on the capital stock, taxable under Section 215. Subsection (f) of Section 215 provides in part: " * * * the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended) * * *."

The appellant contends that Section 215 standing alone, or when construed with Section 216, violates the due process clause of the 5th Amendment to the Constitution because: First, the method and manner by which such declaration is made is so lacking in any basis for classification as to produce gross inequality and discrimination, resulting in confiscation. Second, the tax is not within any power delegated to Congress by the Constitution.

It would serve no useful purpose for us to state in different language the view often expressed in the decisions of the Board of Tax Appeals,[1] the Court of Claims,[2] the District Courts,[3] and other Circuit Courts of Appeals.[4] These courts considered the

---

[1] Webster Company v. Commissioner, 37 B.T.A. 800; W. & K. Holding Corporation v. Commissioner, 38 B.T.A. 830; A. J. Crowhurst & Sons, Inc. v. Commissioner, 38 B.T.A. 1072; Del Mar Addition v. Commissioner, 40 B.T.A. 833, and Meco Production Company v. Commissioner, 41 B.T.A. 1344, May 8, 1940.

[2] Chicago Telephone Supply Co. v. United States, 23 F.Supp. 471; Allied Agents, Inc. v. United States, 26 F.Supp. 98, certiorari denied, 308 U.S. 561, 60 S.Ct. 72, 84 L.Ed. 471; Servel, Inc. v. United States (General Motors Corporation v. United States, United Motors Service, Inc. v. United States, decided together), 35 F.Supp. 466, certiorari denied, March 31, 1941, 61 S.Ct. 825, 85 L.Ed. ——.

[3] Midvale Paper Board Co., Inc. v. United States, 31 F.Supp. 851; Mountain Iron Co. v. United States, 31 F. Supp. 895; Isthmian S. S. Co. v. United States, 33 F.Supp. 1007; Kentucky Fire Brick Co. v. Glenn, 34 F.Supp. 35; American Viscose Corporation v. Rothensies, 34 F.Supp. 217; Lake Terminal R. Co. v. United States, 34 F.Supp. 963; Stanolind Oil & Gas Co. v. Jones, 34 F.

Supp. 965; Stromberg-Carlson Mfg. Co. v. McGowan, 32 F.Supp. 101; Hornell Ice & Cold Storage Co. v. United States, 32 F.Supp. 468; United States Steel Products Co. v. United States, 36 F. Supp. 368, and Liberty Paper Board Co., Inc. v. United States, 37 F.Supp. 751.

[4] Rochester Gas & Electric Corporation v. McGowan, 2 Cir., 115 F.2d 953; Briggs-Darby Construction Company v. Commissioner of Internal Revenue (Briggs-Killian Company v. Commissioner of Internal Revenue, Briggs-Spence Company v. Commissioner of Internal Revenue and W. M. Thornton, Inc., v. Commissioner of Internal Revenue, considered together), decided April 15, 1941 by the Fifth Circuit, 119 F.2d 89; Prime Securities Corporation v. United States (Michigan Silica Company v. United States; General Chromium Corporation v. United States; Senior Investment Corporation v. United States; Udylite Company v. United States and Standard Cotton Products Company v. United States, decided together) May 15, 1941, by the Sixth Circuit, 119 F.2d 939.

identical questions, under similar facts, as are presented here and decided the same adversely to the contentions of the appellant.

The Supreme Court of the United States in Haggar Company v. Helvering, Commissioner, 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340, although not deciding the identical questions presented here, indicated by clear implication its approval of the taxing scheme manifest in the Act. This implication is strongly fortified by its denial of certiorari in a number of the cases cited.

The courts recognize the interrelated scope of the two sections (215 and 216) and approve the method and manner by which the taxpayer is permitted to fix the adjusted value of his capital stock under Section 215. Under this section the taxpayer is accorded the integrity of purpose which underlies and forms the basis for its exaction. The tax base, thus established, is made to regulate the amount of the tax payable under Section 216. Thus if a taxpayer underestimates the value of his capital stock for purposes of taxation under Section 215, an advantage sought to be gained is thereby effectively offset by the exaction under Section 216. Uniformity in the application of the two sections is attained by the interrelated incidence of the tax. The application of one balances and offsets the other. Rochester Gas & Electric Corporation v. McGowan, supra.

The courts find nothing unconstitutional in accepting the taxpayer's statement, under oath, of the value of his capital stock for purpose of taxation under Sections 215 and 216, especially when provision is made for yearly adjustments for additions to, and deductions from, capital.

By the method urged as arbitrary and confiscatory, the Government has prescribed a formula for arriving at the actual value of capital stock for the purpose of computing excess profits under Section 216. The essence of this formula is the statement or declaration by the taxpayer, who is in full possession of the facts. The law does not, and should not, impute to him either lack of knowledge or integrity in the rendition of the value of the capital stock which forms the basis for the exaction of the tax in both sections of the Act. Manifestly, the two sections as interrelated achieve a perfectly legitimate result when considered in the light of the objects they are designed to effect.

We hold consistent with the numerous decisions, preceding our consideration of the question, that there is nothing arbitrary, capricious or confiscatory in the formula prescribed by the Act.

The contention that the tax is an unconstitutional delegation of power by Congress is likewise untenable. The answer to this contention is stated in Rochester Gas & Electric Corporation v. McGowan, supra [115 F.2d 955]: "* * * statutes frequently grant the privilege of an option to those on whom they impinge; and so long as the legislature itself fixes the alternatives within which the choice must be made, it has never been considered that there is an unlawful delegation of power."

The power delegated to the taxpayer by section 215 is predicated upon the peculiar competence and assumed integrity of the taxpayer, neither of which can be impeached in the determination of the question of its constitutionality. When the two sections (215 and 216) are considered and applied together, they perform an administrative function which past experiences have proven to be more difficult and inequitable than any result attainable by the prescribed formula.

The judgment of the trial court is affirmed.